## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**GABRIEL CHANEY,**

      **Plaintiff,**

-vs-                          **Case No.:**

**SACFL, LLC, a Florida Limited Liability**
**Company, d/b/a O'CHARLEY'S AND THE**
**COVELLI FAMILY LIMITED**
**PARTNERSHIP, a Florida Limited Liability**
**Partnership**

      **Defendants.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, GABRIEL CHANEY, by and through undersigned counsel, files suit against the

Defendants, SACFL, LLC, a Florida Limited Liability Company d/b/a O'CHARLEY'S, and THE

COVELLI FAMILY LIMITED PARTNERSHIP, a Florida Limited Liability Partnership

("Defendants"), for unpaid overtime compensation and other relief under the Fair Labor Standards

Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"); and for unpaid minimum wage compensation

and other relief under the Florida Minimum Wage Act, as amended, Florida Statute § 448.110.

## JURISDICTION & VENUE

1.     Defendants, SACFL, LLC, a Florida Limited Liability Company d/b/a

O'CHARLEY'S, and THE COVELLI FAMILY LIMITED PARTNERSHIP, a Florida Limited

Liability Partnership, at material times to this action, operated and conducted business in Orlando,

Florida (Orange County) and is therefore, within the jurisdiction of this Court.

2.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and

the FLSA. This Court also has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28

U.S.C. § 1391. These claims arise under the laws of the United States.

3.     The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida.

## **PARTIES**

4.     Plaintiff, GABRIEL CHANEY, was an employee of the Defendants within the last three (3) years for Defendants in Orlando, Florida (Orange County).

5.     Defendant, SACFL, LLC, is a private company having its principal place of business at 3900 East Market Street, Warren, Ohio 44484 and all material times was Plaintiff's "employer" as defined by 29 U.S.C. § 203(d).

6.     Defendant, SACFL, LLC, at all time material hereto owned and operated a franchise known as O'Charley's which was located and conducted business at 8081 Turkey Lake Road, Orlando, Florida 32819 in Orange County and all material times was Plaintiff's "employer" as defined by 29 U.S.C. § 203(d).

7.     Upon information and belief, Defendant, SACFL, LLC. is a holding company owned in whole or in part by THE COVELLI FAMILY LIMITED PARTNERSHIP used to shield liability from THE COVELLI FAMILY LIMITED PARTNERSHIP in the operation of SACFL, LLC business affairs and enterprises.

8.     Defendant, THE COVELLI FAMILY LIMITED PARTNERSHIP, is a private partnership having its principal place of business at 4300 West Cypress St. Suite 850, Tampa, Florida 33607 Hillsborough County and all material times was Plaintiff's "employer" as defined by 29 U.S.C. § 203(d).

## COVERAGE

9.     At all material times relevant to this action (2014-2019), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

10.     At all material times relevant to this action (2014-2019), Defendant made gross earnings of at least $500,000 annually.

11.     At all material times relevant to this action (2014-2019), Defendant accepted payments from customers based on credit cards issued by out of state banks.

12.     At all material times relevant to this action (2014-2019), Defendant routinely ordered materials or supplies from out of state.

13.     At all material times relevant to this action (2014-2019), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce.

14.     At all material times relevant to this action (2014-2019), Defendant used U.S. mail to send and receive letters to and from other states.

15.     At all material times relevant to this action moved vehicles through interstate highways, which resulted in interstate commerce

16.     At all times relevant to this action (2014-2019), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

17.     At all times relevant to this action (2014-2019), Defendant failed to comply with Florida Statute § 448.110, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in a forty (40)

hour work week.

## FACTUAL ALLEGATIONS

18.     Plaintiff was an "server/waiter" and performed related activities for Defendant in Orlando, Florida (Orange County).

19.     Plaintiff worked for Defendant from approximately May 2011 to April, 2019.

20.     In this capacity, Plaintiff earned a regular rate of pay of $5.03 per hour from July 1, 2016 until December 31, 2016.

21.     In this capacity, Plaintiff earned a regular rate of pay of $5.08 per hour from January 1, 2017 until December 31, 2017.

22.     In this capacity, Plaintiff earned a regular rate of pay of $5.23 per hour from January 1, 2018 until December 31, 2018.

23.     In this capacity, Plaintiff earned a regular rate of pay of $5.44 per hour from January 1, 2019 until April 20, 2019.

24.     At all times material hereto Federal minimum wage rate was $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C).

25.     During the period July 1, 2014 until December 31, 2014 the Florida minimum wage was $7.93 an hour. *See* Florida Statutes § 448.110.

26.     During the period January 1, 2015 until December 31, 2015 the Florida minimum wage was $8.05 an hour. *See* Florida Statutes § 448.110.

27.     During the period January 1, 2016 until December 31, 2016 the Florida minimum wage was $8.05 an hour. *See* Florida Statutes § 448.110.

28.     During the period January 1, 2017 until December 31, 2017 the Florida minimum wage was $8.10 an hour. *See* Florida Statutes § 448.110.

29.     During the period January 1, 2018 until December 31, 2018 the Florida minimum wage was $8.25 an hour. *See* Florida Statutes § 448.110.

30.     During the period January 1, 2019 until April 20, 2019 the Florida minimum wage was $8.46 an hour. *See* Florida Statutes § 448.110.

31.     During Plaintiff's employment, Plaintiff worked in excess of forty (40) per work week during one or more work weeks.

32.     Specifically, Plaintiff would work over 60 hours per week.

33.     However, Plaintiff was not paid overtime compensation of one and a half times his regular rate of pay per hour for all overtime hours worked.

34.     As a result, Plaintiff should have received compensation at time and one half his regular rate of pay for all hours worked beyond the forty (40) hours per week.

35.     Additional, Plaintiff was required to work approximately five (5) to ten (10) hours per week "off-the-clock" without receiving any form of compensation.

36.     Plaintiff was not paid his regular hourly rate of pay for all hours worked, including for all overtime hours worked.

37.     As a result, Plaintiff should have received compensation for the federal minimum wage, for any weeks where his hourly rate of pay fell below the federal minimum.

38.     As a result, Plaintiff should have received compensation for the Florida minimum wage, for any weeks where his hourly rate of pay fell below the Florida minimum.

39.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

40.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff were, in some manner, fabricated altered and/or destroyed by the Defendant's or agents acting on Defendant's behalf at the time such records were created and/or maintained.

41.     Defendant has violated Title 29 U.S.C. § 207 in that they have failed to pay Plaintiff proper the federal premium wage equal to one and one-half of Plaintiff's regular rate of pay for hours worked in excess of forty (40) in a week.

42.     Defendant has violated Florida Statutes § 448.110 in that they have failed to pay Plaintiff the proper Florida minimum wage.

43.     Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the Fair Labor Standards Act (FLSA) were willful.

44.     Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the Florida Statutes § 448.110 were willful.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

45.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 44 above.

46.     Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

47.     During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

48.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, time and one-half his regular rate of pay for each hour worked in excess of forty (40) per

work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

49.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

50.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGE

51.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 44 above.

52.     Plaintiff is/was entitled to be paid time the Florida minimum wage for all hours worked.

53.     During his employment with Defendant, Plaintiff regularly worked "off-the-clock" hours but was not paid time at his regular rate or the Florida minimum wage.

54.     During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time at his regular rate or the Florida minimum wage.

55.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff his regular rate of pay or the Florida minimum wage, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

56.     As a result of Defendant's willful violation of Florida Statute § 448.110, Plaintiff is entitled to liquidated damages.

57.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all minimum wage for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

58.     Plaintiff demands a jury trial on all issues so triable against Defendant.

## RELIEF REQUESTED

Plaintiff respectfully requests:

i.      That the Court declare that Defendant violated the aforementioned causes of action;

ii.     A jury trial and entry of judgment in Plaintiff's favor;

iii.    Back overtime pay;

iv.     Back Florida minimum wage pay

v.      Liquidated damages;

vi.     Attorney's fees and expenses;

vii.    Prejudgment interests, and, if applicable, post-judgment interest; and

viii.   Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which he may be entitled.

Dated this 14th day of August, 2019.

Respectfully submitted by,

 s/ *Bobby A. Lean, Jr.*
Carlos Leach, Esq.

Fla. Bar No.: 0540021
Bobby A. Lean, Jr., Esq.
Fla. Bar No.: 118769
Trial Counsel for Plaintiff
The Leach Firm, P.A.
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Primary Email:  blean@theleachfirm.com
Secondary Email:
yhernandez@theleachfirm.com